Judge Underwood
delivered the opinion of the Court.
On the 2d day of November 1815, Banks executed to Talbot a deed of trust for the purpose of securing the payment of $2000, on or before the 1st of January, 1816; Banks being “indebted” to Talbot that sum, as is acknowledged upon the face of the deed. Talbot was authorized by the deed *549 of trust to make sale of the land to raise the money, and after several unsuccessful attempts to sell, at length a sale was effected, and Thomas Bryan purchased, but for the benefit of Banks. Bryan executed his note for $2230, with Dudley as security, or endorser to Talbot according to the allegations of the bill. Banks filed his bill against Talbot and Bryan, eharging that $1000 of the .$2000 was inserted in the deéd of trust, in consideration of professional services to be rendered by Talbot as a lawyer, and that Talbot had neglected his, Banks’s, lawsuits; whereby, he had sustained great injury and that in some cases, Talbot had abandoned the suits and taken fees against Banks; wherefore, Banks insists that he ought not to he compelled to pay more than $¡1000,.which he admits was loaned him. He therefore prays that Bryan may be restrained from paying more than that sum and interest thereon, and that Talbot and Bryan be compelled to release to him their title and claim to the land. Talbot demurred to all that part bf the bill, which claimed an exoneration of f 1000 on account of the negligence imputed, to him as attorney for Banks. The court overruled his demurrer, and he failing to answer over, the court rendered a decree in favour of Talbot, who' made his answer a cross bill for $1000 only and interest thereon, ordered a sale of the land to make the money, set aside Bryan’s purchase and directed a cancelment of his note for $>2230. Talbot has brought the case to this court for revision. When the controversy is stripped of all extraneous and irrelevant matter, we conceive it to be plain, and the principles of law, by which if must-be governed of easy application. The decrees of the. general court must be reversed for Several striking-errors.
1st. The bill has shewn no ground for exonerating Banks from the payment of any part of the $2000, with interest, from the 1st of January, 1816. There is no averment that Talbot is insolvent, or that there was any fraud or mistake in reducing to writing the stipulations of the parties as they appear on the face, of the deed of trust. Banks acknowledges that Talbot rendered some service as attorney. The bill presents an attempt to liquidate and procure a set *550 off for damages, which Banks alleges he has sustained by Talbot’s negligence without averingthe existence of any circumstances, such as insolvency, &c. to bring the case within the equitable jurisdiction of the chancellor. Banks had his remedy at law. The court should have sustained Talbot’s demurrer. It is not necessary to decide what would have been the opinion of this court, if Banks had, in resisting Talbot’s cross bill, shewn by proof the extent of injury he had sustained by Talbot’s negligence, or what deduction should have been made for Talbot’s failure to attend to the law suits of Banks. A good consideration is acknowledged by Banks for the whole $>2000 stated in the deed of . trust. He does not allege that there was an entire failure on the part of Talbot to render professional services. He admits a partial performance. Under such circumstances it is impossible for-us to say what credit he should have, and therefore, as his remedy is complete at law, it is proper to dismiss Banks’s cross bill against Talbot, without prejudice.
2d. The decree for the sale of the land, to raise the amount which the court determined Talbot was entitled to, is too imperfect to stand. Three commissioners were appointed, any one or two of whom were authorized to make private or public sale of the land, taking bond, with at least one good security, to Talbot. What credit the commissioners were to allow on the sales, is not prescribed; whether the sale bonds were to have the force and effect of replevin bonds or not, is left unsettled. The commissioners were directed to convey the land and deliver possession thereof to the'purchasers, whereby the lien on the land would be destroyed, and personal security, less safe, substituted in lieu of it. These defects were departures from the stipulations of the deed of trust, and there can be no valid reason for sustaining them, unless it be the consent which it is contended Talbot gave to the rendition of the decree. It is said, in rendering the decree, that “the complainant, (to-wit, Banks) came in his proper person, and by consent, the following decree is rendered,” &c. But in the decree, the cause is directed to be retained on the docket for further proceedings. It does not *551 ■appear that the commissioners ever acted. At the ensuing term, Talbot moved to set aside the decrees previously pronounced. The general court refused to do it, and if it be conceded that the general court was' right in its refusal, we perceive no obstacle to a modification and correction of the decrees, by this court, when the cause must be reversed upon other grounds. If the consent given should be construed to mean Talbot’s as well as Banks’s! it cannot, upon any reasonable ground, be extended so as to make Talbot agree that he would never correct the errors committed, prejudicial to him, and thereby to obtain full justice.
Mills and Brown, for plaintiff; Monroe and Hoggin, for defendants.
We are of opinion it was proper to setnsideBryan’s purchase, and to direct a cancelment of his bond. Banks resists being deprived of the land, under the sale to Bryan, and neither Bryan nor Talbot insist on it.
The decrees of the general court are reversad, and the cause remanded, with directions to sustain Talbot’s demurrer, and to render a decree in favor of Talbot, directing Banks to pay him the sum of $2000, with interest thereon at the rate of six per cent, per annum, from the 1st of January, 1816, and to fix a day for the payment of the money, and in default of payment, the court must order a sale of so much of the land, according to the provisions of the deed of trust, as will be sufficient to pay the amount, with the costs of suit, and costs attending the sale, and appoint a commissioner to carry the decree into effect.
Talbot must recover his costs in this court.